UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Taurus Naciim Jor El, | C/A No. 5:17-cv-01275-DCC |
| Plaintiff, | |
| vs. | ORDER |
| Willie McCauley, South Carolina Public Safety Troop 7, Derrick Dash, and Orangeburg County Magistrate, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Complaint alleging violations of civil rights pursuant to 42 U.S.C. § 1982. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On June 9, 2017, the Magistrate Judge issued a Report recommending that the Complaint be dismissed without prejudice and without issuance of service of process. ECF No. 9. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Report recommends summary dismissal because (1) Plaintiff's claims are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) mandamus relief is not appropriate in this case, and (3) Plaintiff has not demonstrated that this Court has jurisdiction for removal of his State criminal charges. Plaintiff's objections fail to address any ground for dismissal raised in the Report and instead mainly concern his rights under the "Zodiac Constitution." *See* ECF No. 12. Even liberally construed, Plaintiff has failed to make a specific or valid objection to the Report. However, out of an abundance of caution, the Court has conducted a de novo review of the record in this case, the applicable law, and the Report of the Magistrate Judge. The Court agrees with the Report's recommendation that the Complaint should be dismissed without issuance of service of process. Accordingly, the Court adopts the Report by reference in this Order. The Complaint is dismissed without prejudice.

IT IS SO ORDERED.

May 8, 2018                                             s/Donald C. Coggins, Jr.
Spartanburg, South Carolina                United States District Judge

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.